Darrell **PATTERSON,**
Petitioner-Appellee,

v.

Dan **McCARTHY, Respondent-Appellant.**

No. 77–2803.

United States Court of Appeals,
Ninth Circuit.

Aug. 28, 1978.

---

**3.** The Board may also wish to consider the effect of Rice's appendix to the authorization cards.

**221**

Joyce L. Kennard, Deputy Atty. Gen., Los Angeles, Cal., for respondent-appellant.

Larry M. Baker (argued) of Ross & Baker, Los Angeles, Cal., for petitioner-appellee.

Before MERRILL, GOODWIN and TANG, Circuit Judges.

PER CURIAM:

This is an appeal by the Superintendent of the California Men's Colony from the district court's grant of a writ of habeas corpus discharging petitioner from custody and setting aside his conviction. We affirm.

Petitioner was charged with murder and robbery and was tried in California Superior Court before a jury. Willie Daniels, the prosecution's only eye witness, testified under a grant of immunity and related many of the crucial events surrounding the murder offense of which petitioner was convicted.

Witness Daniels was questioned by defense counsel regarding the grant of immunity from any charges stemming from his presence at the scene of the crime. Daniels admitted testifying under the grant of immunity.

Outside the presence of the jury, defense counsel requested a ruling from the trial court as to whether questioning would be allowed on the subject of Daniels' parole status. Such questioning would be to es-

tablish motives for Daniels' testimony. The trial judge felt that the evidence would be highly prejudicial and that he would sustain any objection if Daniels was asked about his parole status.

At the time, Daniels was on release on outpatient status, under the supervision of a parole agent and subject to return to the California Rehabilitation Center for violations of the conditions of release.

It is well settled that the Sixth Amendment right of confrontation includes the right to cross-examine witnesses. *Davis v. Alaska*, 415 U.S. 308, 315–16, 95 S.Ct. 1105, 39 L.Ed.2d 347 (1974); *Skinner v. Cardwell*, 564 F.2d 1381, 1388 (9th Cir. 1977). It is a proper and important function of cross-examination to test the witnesses' motivation in testifying. *Davis, supra*, at 316–17; *Greene v. McElroy*, 360 U.S. 474, 496, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959). The confrontation clause of the Sixth Amendment is applicable to the states through the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).

In *Davis, supra*, the Supreme Court reversed a habeas petitioner's convictions for burglary and grand larceny because defense counsel had been limited in questioning a prosecution witness regarding his status as a probationer. The *Davis* court held that the state's policy interest in protecting the confidentiality of a juvenile offender's record did not justify infringing upon the vital constitutional right of confrontation.

We are not convinced, as the state urges, that the infringement here is harmless beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Daniels was the prosecutor's key witness whose credibility was crucial. The defense was entitled to probe motives and the jury to consider all relevant admissible factors regarding the witness' credibility. This includes not only Daniels' immunity from prosecution and his prior inconsistent statements, but his parole status as well.

The district court decision is clearly correct in light of *Davis* and is even stronger because the state is not claiming a comparable policy interest such as the one claimed in *Davis*.

AFFIRMED.